UNITED STATES DISTRICT COURT
DENVER, COLORADO
1:38 pm, Jan 12, 2023
JEFFREY P. COLWELL, CLERK

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO:     1-21-CV-02362-RM-MEH

**MRG**
**PRO SE PLAINTIFF / APPELLANT**

v.

City and County of Denver, *et al* — DEFENDANTS- APPELLEES'

## MOTION TO RESTRICT PUBLIC ACCESS

Comes now again, *in forma pauperis* pro se Plaintiff, MELEAHA R. GLAPION-PRESSLEY ("MRG") under penalty of perjury, declaring and seeking the Court to determine confidentiality of records filed by Meleaha R. Glapion pursuant to The Privacy Act 1974, Local Civil Rule 7.2, and GRANT an order sealing the following information relative to judgment:

(1) Restriction / redaction of personal identifiers of *pro se* party's real name, alias, protected classification characteristics, home address, and phone number on court files and the progress dockets are sought.

Outweighing the presumption of public access, confidentiality of the judgements, is sought to *protect the following interests:*

(2) Preventing a serious and imminent threat to the fair, impartial, and orderly administration of justice, specifically *pro se* Plaintiff has *pending* cases before the State Appellate Court and the District Court of the Second and Eighteenth Judicial Districts; including a civil Permanent Protection Order (PPO) dating back to 2017 for domestic violence and as EPP Caregiver for *pending* juvenile record/ trial matters.

Pro se Plaintiff wants to avoid substantial injury to innocent third parties named therein, specifically the *pro se* Plaintiff's four-year-old child (MIG), juvenile (DAG), and disabled elderly mother whose address was/is listed for all previous and *pending* civil actions.

Further, *pro se* Plaintiff seeks to avoid substantial injury by the disclosure of matters protected by common law or privacy right generally inherent in this type of proceeding, specifically, to avoid further substantial injury as a whistle-blower and to her present and future employment prospects.

(3) <u>SERIOUS INJURIES HAVE RESULTED FROM ACCESS NOT BEING</u>


PLAINTIFF'S EXHIBIT 10

Page 1 of 6

**RESTRICTED**

Beyond *in forma pauperis* status, half a decade of verified unemployment post (emphasis) wrongful terminations by government employers' — PREJUDICE of prospective employers' performing public "Google" internet searches of *pro se* Plaintiff PRIOR (emphasis) to any AUTHORIZED (emphasis) disclosure of protected characteristics (race, sex, gender, religion, disability) and background check.

*Pro se* Plaintiff's previous employer from 2016-2018 (Defendant City and County of Denver Human Services) made a point to cite her previous federal employment civil actions in adverse administrative proceedings *pending* before State Court for retaliation, discrimination, and whistleblowing claims. *SEE JANUARY 12, 2023 SECOND (EMPHASIS) MOTION TO REDACT (10 pgs.) to the City and County of Denver Career Service Board, Hearing Office, and Denver Human Services with supportive Exhibits.*

The City Career Service Hearing Office previously granted *pro se* Plaintiff's name redaction from Case Numbers: 75-07 AND 52-07 wherein her name and protected characteristics were as a witness for Denver Human Services. However, recently, without explanation, arguably **NOT** pursuant to First Amendment, complete public pdf case file redaction was made of precedential (emphasis) *In Re Lombard- Hunt*, CSA 75-07, (3/3/08) by City Career Service Hearing Office; wherein *pro se* Plaintiff favorably served as Case in Chief agency witness and case has been cited within SEVERAL cases and was even cited by former CSA Hearing Officer Bruce Plotkin #20948 within July 12, 2019 termination Order of *pro se* Plaintiff *pending* before State Court (2022CA1542 *Glapion v. C& C Denver ET AL*). Although former (emphasis) CSA Hearing Officer Bruce Plotkin #20948 and ACA Sherri Catalano #39773 insisted on **SEQUESTERING** Career Service Hearing; their reasons for **OBJECTING** to redaction and/or substituting *pro se* Plaintiff's name from Career Service Hearing Case Numbers: 73-18, 76-18, 80-18 for child fatality as requested (*Infra.*) WAS/IS ARGUABLY ABUSE OF AUTHORITY INTENDED TO CAUSE INJURY. AGAIN, *SEE JANUARY 12, 2023 SECOND (EMPHASIS) MOTION TO REDACT (10 pgs.) to the City and County of Denver Career Service Board, Hearing Office, and Denver Human Services with supportive Exhibits.*

An **UNRELATED** subpoenaed protected witness of *pro se* Plaintiff for Case Numbers: 73-18, 76-18, 80-18 with the same last name "*GLAPION*", expressed fears of retaliation before City and County of Denver AND Colorado Department of Labor (CDOL) Hearings' — was retaliated against by City and County of Denver (ACA Sherri Catalano #39773) by adverse actions of suspension and demotion of supervisory title and pay in temporal proximity, along with being forced to sign a non-disclosure act (NDA) on illegal grounds that termination would follow if she filed an EEOC complaint or Title VII Civil Action.

**NOTE UNLIKE *PRO SE* PLAINTIFF** — SEVERAL Appellants' names have been redacted from City Career Service Hearing Office Case Numbers without a Court Order including (not inclusive): https://www.denvergov.org/files/assets/public/hearings-

office/documents/hearings/redacted_csa_03-19_decision_5-22-19.pdf;
https://www.denvergov.org/files/assets/public/hearings-
office/documents/hearings/redacted_csa_56-11_decision_5-18-12.pdf;
https://www.denvergov.org/files/assets/public/hearings-
office/documents/hearings/redacted_csa_31-13_decision_3-28-14.pdf;

NOT ACCESSIBLE TO THE PUBLIC, NOT PURSUANT TO COLORADO OPEN RECORDS ACT (CORA), FREEDOM OF INFORMATION ACT (FOIA), U.S. FIRST CONSTITUTIONAL AMENDMENT by City Career Service Hearing Office — *In Re Lombard- Hunt*, CSA 75-07, (3/3/08) WAS/ IS ENTIRELY REDACTED (PDF DECISION AND CASE NUMBER). PREXTEXT WAS/IS ACA Sherri Catalano #39773 NOT objecting to *Lombard- Hunt's* November 9, 2021 **Motion to Redact** stating Denver Human Services *"could not do so because it was unaware of any transcripts available online and could thus not adequately respond to Appellant's request."* **AGAIN, SEE JANUARY 12, 2023 SECOND (EMPHASIS) MOTION TO REDACT (10 pgs.) to the City and County of Denver Career Service Board, Hearing Office, and Denver Human Services with supportive Exhibits.**

Although the public has genuinely reached out to *pro se* Plaintiff as it pertains to her courage to *"fight the good fight"* exposing high level officials violating Constitutional Protected Rights by public Title VII civil actions — unwelcomed, unknown bypasses, texts, mail, and phone calls have been/are imminently jeopardizing not only *pro se* Plaintiff's safety but innocent third parties named herein who have the same prominent last name *"Glapion"*, protected characteristics, and domicile.

Two weeks ago, *pro se* Plaintiff had to file report with U.S. Postal Office for new mailbox key per mailbox theft/ tampering. *Pro se* Plaintiff has foregone having any social media accounts since 2014 per cyber-bullying/ doxxing, threats, stalking, embarrassment, and was recently advised by a local District 5 police officer to *"safeguard and request redaction of personal identifiers from Uniform Resource Locator (URL) online publishers."* Few online publishers have been cooperative with acknowledging safety concerns and hiding/anonymizing *pro se* Plaintiff's personal details (name, address) without an Order from the Court.

All federal civil actions **14-CV-01699-MEH / 15-1443; 14-CV-03236-MEH / 16-1219; 19-CV-02806-RM-MEH / 21-1223, AND HEREIN NOW 1-21-CV-02362-RM-MEH** were filed **PRIOR** to pandemic of racial injustice, systemic oppression, and exploitation which enraged our Country and technical dependency... Unfortunate that **28 U.S. CODE § 455 WAS NOT RECOGNIZED**; as Plaintiff filed Motion for Substitution of federal Magistrate Judge Michael E. Hegarty ("MEH") PRIOR to Scheduling Conference of her FIRST federal Title VII Civil Action **14-CV-01699-MEH** AND further always doubted his impartiality WHEN at that FIRST Scheduling Conference *EX PARTE* Magistrate **MEH** took a crying white-male USACO Attorney, Timothy B. Jafek, back into his private chambers to console him over alleged "personal matters" before proceedings wherein he automatically then granted his verbal plea for a non-conferred extension of late and not produced discovery evidence... Therefore, Plaintiff did NOT consent to a

Magistrate, only for years later MEH to "recommend" dismissal.

(4) Only restriction will adequately protect the interests in question (e.g. permanent redaction from all public materials in the files and that the final judgments are recorded in a manner that does not reveal the identity of the party. However, the progress dockets and the files shall otherwise remain available to the public, and the Clerk of the Court shall substitute the following for *pro se* Plaintiff's name "MRG").

(5) Level 1 (limiting access to the parties and the court) restriction is sought. The case numbers shall remain public.

### D.C. COLO. LCIVR 7.1(A) / THE PRIVACY ACT OF 1974

**THERE ARE NO AFFECTED NON-PARTIES WHERE NOTIFICATION OF SAID MOTION WAS REQUIRED.**

14-CV-01699-MEH —was dismissed pursuant to 12(b)(1) and 12(b)(6).

14-CV-03236-MEH —was dismissed with prejudice, pursuant to Fed. R. Civ. P. 54.

19-CV-02806-RM-MEH— was dismissed with prejudice, on the recommendation of U.S. Magistrate Judge Michael E. Hegarty ("MEH").[1]

**1-21-CV-02362-RM-MEH,** "*In this second federal Title VII lawsuit, the magistrate judge MEH determined that Plaintiff's claims are barred by the doctrine of res judicata. In the alternative, the magistrate judge recommends abstaining from exercising jurisdiction in this case in light of Plaintiff's ongoing proceedings in the Denver District Court.*"

In good faith, a copy of herein motion was served by *pro se* Plaintiff via email to the last known email addresses of Defendant-Appellees' counsel as specified below within Certificate of Service.

ONLY named City and County of Denver **RESPONSIBLE MANAGEMENT OFFICIALS** [**former** (emphasis) CSA Hearing Officer Bruce Plotkin #20948 AND ACA Sherri Catalano #39773] **OBJECTED** to *pro se* Plaintiff's October, 2019 NAME REDACTION REQUEST (emphasis) from Career Service Hearing Case Numbers: 73-18, 76-18, 80-18 [https://www.denvergov.org/files/assets/public/hearings-office/documents/hearings/glapion_meleaha_csa_73-18_76-18_80-18_decision_7-12-19.pdf].

Public posting on the court's website will **NOT** deprive filing of objection(s) within three days.

---

[1] *2022CA1542 Glapion v. C& C Denver ET AL is pending* in Colorado Court of Appeals.

## AUTHORITIES

Colorado operates under a presumption of public access to all documents filed with the court. Local Civil Rule 7.2. requires parties seeking to restrict access to file a motion setting forth, among other things, an explanation why the interest to be protected outweighs the presumption of public access, identifying a clearly defined injury that would result if access is not restricted, and explaining why no alternative to restriction is practicable. Stipulations between parties or stipulated protective orders alone are insufficient to justify restriction. Notice of the filing of a motion to restrict will be posted on the court's website and any person may file an objection to the motion within three days.

## CONCLUSION

WHEREFORE, pro se Plaintiff politely requests GRANTING of Judgment Order to herein and January 5, 2023 Motions to Restrict Public Access from **AN IMPARTIAL JUDGE (EMPHASIS) NOT MAGISTRATE NOR RECOMMENDATION OF A MAGISTRATE, FROM THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLORADO; AND FOR SUCH TO BE AUTHORIZED FOR TRANSMITTING BY THE CLERK WITH APPELLATE TRIBUNAL OF U.S. COURT OF APPEALS FOR THE TENTH CIRCUIT FOR PURPOSE OF REDACTION OF ASSOCIATED APPEALS**. There are no correlated costs to closed cases. Pro se Plaintiff requests any fees associated to herein Motion to be waived per filing of December 23, 2022 AO 239 (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). **Oral arguments welcomed.**

Respectfully,

s/ Meleaha R. Glapion
PRO SE Plaintiff/ Appellant

## DECLARATION AND CERTIFICATE OF SERVICE

I, Meleaha R. Glapion, declare and certify that executed on January 12, 2023, under penalty of perjury, that the foregoing is true and correct, and I emailed copies (6 pgs.) of herein Motion to Restrict Public Access to ALL PARTIES listed below:

**Attorneys' for City and County of Denver, et al — DEFENDANTS- APPELLEES':**
Robert.Wolf@denvergov.org (Denver Human Service); AND Karla.Pierce@denvergov.org (Career Service Hearing Office/ Board)

Signature: s/ Meleaha R. Glapion
PRO SE Plaintiff/ Appellant
21025 E. 49th Ave.
Denver, CO 80249
(303) 990-4155
prosepursuit@gmail.com

Date: 1/12/2023