IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02362-RM-MEH

MELEAHA R. GLAPION-PRESSLEY,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER,
DENVER DEPARTMENT OF HUMAN SERVICES, and
CAREER SERVICE HEARING OFFICE AND BOARD,

    Defendants.

---

# ORDER
---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before this Court is Plaintiff's Motion to Restrict Public Access (ECF 28) which she files pursuant to D.C.COLO.LCivR 7.2. For the below reasons, the Motion is denied.

    Plaintiff files her Motion in four civil actions that she has commenced in the federal District of Colorado:

(1)     *Glapion v. Castro*, 14-cv-01699-MEH

(2)     *Glapion v. Jewell*, 14-cv-03236-MEH

(3)     *Glapion-Pressley v. Denver*, 19-cv-02806-RM-MEH

(4)     *Glapion-Pressley v. Denver*, 21-cv-02362-RM-MEH

Plaintiff brought all of the above lawsuits alleging employment discrimination. All four were resolved in the respective defendants' favor, and the cases were closed. Plaintiff appealed Case Nos. (1)-(3), which the Tenth Circuit affirmed.

This Court notes that Plaintiff commenced two *additional* civil actions in the federal District of Colorado (which she does not identify in her Motion):

(5)     *Glapion v. Castro*, 14-cv-03237-MEH,

(6)     *Glapion v. Janski*, 21-cv-02812-GPG

Case No. (5) also concerned employment discrimination. For Case No. (6), Plaintiff alleged discrimination by the Arapahoe County Court magistrate judge who presided over a lawsuit in which she was a litigant. These two lawsuits also are closed, but Plaintiff did not appeal them.

D.C.COLO.LCivR 7.2(c)(1) requires Plaintiff to "identify the document or the proceeding for which restriction is sought." Plaintiff does not seek to restrict access to any particular filing. Rather, she asks to redact all personal-identifying information and to replace references to her name with her initials, "MRG". In practical effect, Plaintiff asks to keep the fact that she litigated Case Nos. (1)-(4) confidential—despite the positive feedback she has received from the public about "her courage to '*fight the good fight*' exposing high level officials violating Constitutional Protected Rights by public Title VII civil actions."

D.C.COLO.LCivR 7.2(c)(2) and (3) require Plaintiff to: "identify a clearly defined and serious injury that would result if" the subject information becomes public, "address the interest to be protected," and explain why that claimed protected interest "outweighs the presumption of public access." Plaintiff bases her Motion on three general areas of concern. First, she seeks to avoid the fact of Case Nos. (1)-(4) from being mentioned in the several state court and quasi-judicial administrative proceedings involving herself and relatives. Second, she cites personal

safety. She has not participated in any social media since 2014, and she reported tampering with her mailbox to the U.S. Postal Service. Third, she seeks to preserve her ability to act as a whistle-blower as well as to pursue current and future employment prospects.

However, Plaintiff articulates no specific reason for redacting her identity as the party who commenced Case Nos. (1)-(4). She does not explain how the fact of her lawsuits unduly prejudices other judicial and quasi-judicial proceedings involving her or family members. Likewise, she did not explain how the address she gave for Case Nos. (1)-(4) unduly prejudices family members who are party to state juvenile or other state court proceedings of a protective nature (or why this federal court should interfere with a state court protective proceeding in the first place). She identifies no actual hinderance on whistle-blowing activities, and her employment and stalking-related concerns are too vaguely stated.

Restricting public access to litigation is an exceptional form of relief. Instead, as the Court states at D.C.COLO.LCivR 7.2(a), is that "the public shall have access to all documents filed with the court and all court proceedings." That policy naturally extends to the identity of the litigants who appear before the Court and who are subject to its Orders. Any litigant obviously faces the potential that the fact of a lawsuit will have some sort of effect on some future matter. Litigating a lawsuit publicly logically means that the public will know about the litigation. To grant Plaintiff retroactive anonymity would be an extraordinary departure from the Court's policy. The defendants whom she sued in Case Nos. (1)-(4) have a countervailing interest in the integrity of the final judgments entered in those cases.

Even if this Court were to grant the Motion, it would have little practical effect. To begin with, Plaintiff seeks anonymity for only four of her six past federal lawsuits, and although she asks for such relief, this Court has no jurisdiction to make her Tenth Circuit appeals anonymous as well.

3

Most importantly, there is the simple fact that Plaintiff already litigated and appealed Case Nos. (1)-(4) in an open forum, and many of the reasons she gives for retroactive anonymity imply others' already existing knowledge of them.

Accordingly, Plaintiff's Motion to Restrict Public Access [filed January 12, 2023; ECF 28] is **denied**.

Entered and dated at Denver, Colorado, this 13th day of January, 2023.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge